UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

       Plaintiff,

-against-

JOHN DOE,

       Defendant.

24-CV-02331 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

  Plaintiff Strike 3 Holdings, LLC filed this copyright infringement action on March 27, 2024, against a John Doe defendant known only by his or her alleged Internet Protocol ("IP") address, 24.168.24.59. *See* Dkt. No. 1. Plaintiff moves for leave to file a third-party subpoena upon Spectrum prior to a Rule 26(f) conference. *See* Dkt. No. 6. Through the subpoena, Plaintiff seeks to identify the name and address associated with the IP address that Plaintiff alleges was used to infringe its copyrights. *See* Dkt. No. 7 at 1–2.

  Under Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). However, expedited discovery may be authorized by court order. *See id.* In determining whether to authorize early discovery in this case, the Court applies a "flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an *ex parte* basis." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe,* No. 12-cv-04786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Local Civil Rule 6.1(d) (*Ex parte* submissions will not be granted "except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary.").[1]

  Many judges in this District have already addressed the issues raised by Plaintiff's motion, including in other cases involving Plaintiff itself. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-05850, 2022 WL 4240156, at *1 (S.D.N.Y Aug. 1, 2022) (collecting cases). For the reasons stated in those opinions, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Spectrum and to do so prior to a Rule 26(f) conference. In particular, the Court notes that Plaintiff seeks to "only demand the true name and address of Defendant." Dkt. No. 7 at 2. The Court also notes that Plaintiff does not object to the issuance of an appropriate protective order in connection with the requested leave to serve the third-party

---

[1] The Court notes that Plaintiff's argument is tailored to the test outlined in *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), which was approved by the Second Circuit for determining whether to grant a motion to quash a subpoena in order to preserve the objecting party's anonymity. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). That issue is not before the Court and this Order should not be construed as a ruling on the merits of any potential motion to quash that may be filed pursuant to the schedule set forth below.

subpoena. *See id.* at 9. Such orders have been entered in previous cases involving similar claims, given the privacy concerns arising from the nature of the copyrighted material at issue and the risk of a false identification by an internet service provider ("ISP"). *See, e.g.*, *Strike 3 Holdings*, 2022 WL 4240156, at *1.

Accordingly, the Court hereby GRANTS Plaintiff's motion for leave to serve a third-party subpoena upon Spectrum prior to a Rule 26(f) conference (Dkt. No. 6).

It is further ORDERED:

1. Defendant may proceed anonymously as "John Doe" in this action unless and until the Court orders otherwise.

2. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Plaintiff may immediately serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on Spectrum to obtain <u>only</u> the name and address of Defendant, identified by IP address 24.168.24.59. Plaintiff is <u>not</u> permitted to subpoena the Defendant's telephone number or email address. Plaintiff's counsel is directed to attach a copy of this Order and a copy of the attached "Notice to Defendant" to the subpoena. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. Within 60 days of service of a subpoena, Spectrum shall reasonably attempt to identify Defendant and provide him or her with a copy of the subpoena, this Order, and the attached "Notice to Defendant." Spectrum may serve Defendant using any reasonable means, such as written notice to a last known address, transmitted either by first-class mail or via overnight service. If Spectrum is unable to determine, to a reasonable degree of technical certainty, the identity of Defendant identified by IP address 24.168.24.59, it shall so notify Plaintiff's counsel.

5. Defendant shall have 60 days from the date of service of the Rule 45 subpoena, this Order, and the attached "Notice to Defendant" upon her or him to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena). Spectrum may not turn over Defendant's information to Plaintiff prior to the close of this 60-day period. Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until the issue has been resolved and the Court has issued an order instructing the ISP to resume in turning over the requested discovery.

6. Absent any motion to quash or other objection, Spectrum shall have 10 days to produce the information responsive to the subpoena to Plaintiff. If Defendant moves to quash or to modify the subpoena, or to proceed anonymously, he or she shall, at the same time as

    his or her filing, notify Spectrum, so Spectrum is on notice not to release Defendant's information to Plaintiff until the Court rules on any such motions.

7. Spectrum shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

8. Spectrum and any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

9. Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

10. Any responsive information to the subpoena not be disclosed to any person other than Plaintiff and Plaintiff's counsel without further leave of the Court.

    It is further ORDERED that Plaintiff shall file a status letter no later than **May 20, 2024**, on the status of the third-party discovery. The Clerk of Court is respectfully directed to terminate Dkt. No. 6.

Dated: April 15, 2024
       New York, New York

                                      SO ORDERED.

                                      MARGARET M. GARNETT
                                      United States District Judge